(No. 882—Claimant awarded $2,796.00.)

Clara Hasson, Administratrix of the Estate of Albert Hasson, Deceased, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 14, 1926.*

Respondeat superior—*when State not liable.* The State is not liable for injuries sustained by its employees while in the performance of their duty.

Social justice and equity—*award may be made.* Although no legal liability exists against the State an award may be made to widow of deceased, who was killed while in the performance of his duty as an employee of the State, and an award fixed on the basis provided by the Workmen's Compensation act.

Miles K. Young, for claimant.

Oscar E. Carlstrom, Attorney General; Frank R. Eagleton, Assistant Attorney General, for respondent.

Mr. Chief Justice Clarity delivered the opinion of the court:

It appears that Albert Hasson was employed as patrolman of the State Highway Police of the Divisions of Highways of this State at a salary of $150.00 per month, and that while he was so employed on to-wit, the 7th day of September, 1924, upon and along the State highway near Lexington, Illinois, he was killed. There is no dispute as to the facts that he was employed by the State at the time of his death. There is some controversy as to the facts of the accident occurring outside of his territory, or whether or not he was sent to the place by his superiors.

There is no question that as a matter of law, no recovery could be had upon this claim, and therefore the consideration of this claim must be directed upon the proposition of equity and good conscience.

The court is of the opinion from all the evidence offered that this man was killed in the performance of his duty in regular employment of the State of Illinois, and as it has been heretofore announced by this court, in numerous cases, the employees of the State of Illinois should, as a matter of good conscience, have the same protection as employees of corporations or individuals who would under similar circumstances be granted an award under the Workmen's Compensation Act.

Therefore it is considered by the court that an award should accordingly be made in this case which would go for

the benefit of the widow of the deceased through due course of the administration of the estate of the decedent, there being no children and that element is considered in filing an award.

Therefore, an award is hereby made to claimant in the sum of $2,796.00.